UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JUDGE BERMAN
15 CV 02683

| | |
|---|---|
| KWAME GAINEY,<br><br>                  Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, CHRISTOPHER MCNEELY, Individually, and JOHN DOE 1 through 5, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>                  Defendants. | **COMPLAINT**<br><br>Docket No.<br><br>**JURY TRIAL DEMANDED**<br><br>RECEIVED<br>APR 07 2015<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

Plaintiff KWAME GAINEY, by his attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the Constitutions of the United States and the State of New York. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.       Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.       Plaintiff KWAME GAINEY is an eighteen (18) year old African-American male and United States Citizen who resides in Queens, New York.

7.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9.       At all times hereinafter mentioned, the individually named defendants, CHRISTOPHER MCNEELY (Shield No. 23479), and JOHN DOE 1 through 5 (Shield Nos. unknown), were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.      At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

11. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## **FACTS**

12. On June 5, 2014, between 1:00 a.m. and 1:45 a.m., Plaintiff KWAME GAINEY ("Mr. Gainey") was lawfully present in the vicinity of Eighth Avenue and West 47th Street, New York, New York, when NYPD Officer Christopher McNeeley and Police Officers John Doe 1 through 5, illegally and without any lawful justification whatsoever, unlawfully arrested and imprisoned him.

13. Before, during, and after the defendants arrested him, Mr. Gainey committed no crime or offense. Likewise, at all times relevant to these events, Mr. Gainey was not behaving in a manner that would suggest to any reasonable police officer that he had done anything unlawful.

14. In June of 2014, Mr. Gainey was a student at Benjamin N. Cardozo High School in Queens, New York. On the night of June 4, 2014, his high school held its annual prom.

15. After midnight, on June 5, 2014, Mr. Gainey went to the legendary nightclub, The Copacabana, to attend the after-prom party there with his friends. When he and his friends arrived, they presented the tickets that they had purchased earlier from a fellow student, who was promoting for the venue, to nightclub personnel but were informed that the tickets were invalid. Accordingly, the nightclub did not admit them into the venue.

16. When Mr. Gainey and his friends walked from The Copacabana to the corner of West 47th Street and Eighth Avenue, the defendants arrived in the area. One of Mr. Gainey's friends had an encounter with the police about ten feet away from Mr. Gainey.

17. Mr. Gainey was not involved in any way whatsoever with his friend's encounter with the police and stood a safe distance away to ensure that he would not become involved.

Nevertheless, without any legal justification whatsoever, nor any warning, Defendant McNeely tackled Mr. Gainey to the ground. Then, Defendant McNeely and Defendant John Doe 1 placed one of their knees on Mr. Gainey's back and one of their knees on Mr. Gainey's head, while he remained on the concrete floor.

18. Thereafter, Defendants McNeely and Doe 1 placed Mr. Gainey's arms around his back and placed handcuffs on his wrists, leaving him rear-handcuffed.

19. Despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, the defendants then placed Mr. Gainey in an NYPD vehicle, and transported him to an NYPD precinct stationhouse, where he remained unlawfully imprisoned.

20. Upon processing Mr. Gainey's arrest at the precinct, the defendants transported him to the Manhattan Detention Complex, where he remained unlawfully imprisoned until he was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2014NY042715. These charges were filed based upon the false allegations of Defendant McNeely.

21. Defendant McNeely knowingly created the underlying false information and forwarded this information to the District Attorney's Office knowing that this information would be used against Mr. Gainey at trial. Defendant McNeely falsely claimed that Mr. Gainey grabbed his back, advanced toward him, and resisted Defendant McNeeley's efforts to falsely arrest him.

22. On June 6, 2014, Mr. Gainey was arraigned on false charges of obstructing governmental administration, resisting arrest, and harassment. Upon arraignment, the presiding Criminal Court judge released Mr. Gainey on his own recognizance.

23. Prior to his release at arraignment, Mr. Gainey spent approximately twenty-four

(24) hours falsely imprisoned.

24.    The defendants arrested and initiated criminal proceedings against Mr. Gainey despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

25.    The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Mr. Gainey.

26.    This false arrest and denial of fair trial rights compelled Mr. Gainey to return to the New York County Criminal Court to face these false charges on July 22, 2014, when, upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

27.    All of the events leading up to and culminating in Mr. Gainey being subjected to false arrest and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

28.    All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

29.    The underlying false arrest and denial of the right to fair trial is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and

searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of obstructing governmental administration, resisting arrest, and harassment, and engage in falsification to that end.

30. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Mr. Gainey's civil rights.

31. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

32. As a result, Plaintiff KWAME GAINEY has sustained, among other damages, mental injuries, emotional distress, embarrassment, humiliation, fear for his safety, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

35. All of these aforementioned acts deprived Plaintiff KWAME GAINEY of the

rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

36. The individual defendants carried out these illegal acts in their capacity as police officers, with the entire actual and/or apparent authority attendant to their office.

37. The individual defendants carried out these illegal acts in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

38. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

39. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The defendants arrested Plaintiff KWAME GAINEY without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42. The defendants caused Plaintiff KWAME GAINEY to be falsely arrested and

unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated, embarrassed, and deprived of his liberty for an extended period of time.

43. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants falsified the information against Plaintiff KWAME GAINEY likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

46. The defendants caused Plaintiff KWAME GAINEY to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on July 22, 2014.

47. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The defendants had an affirmative duty to intervene on behalf of Plaintiff KWAME GAINEY whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

50. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

51. As a result, Plaintiff KWAME GAINEY was subjected to false arrest, denial of his right to a fair trial, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and subjected to handcuffing, physical restraints, and an extended period of imprisonment.

52. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

53. All of the foregoing acts by defendants deprived Plaintiff KWAME GAINEY of federally protected rights, including, but not limited to, the right:

    A. To be free from deprivation of civil rights and liberty;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from denial of the right to a fair trial; and

    D. To be free from the failure to intervene.

54. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE CLAIMS

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

57. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiff has complied with all conditions precedent to maintaining this action.

60. This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A FIFTH CAUSE OF ACTION
Assault under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the defendants' conduct, Plaintiff KWAME GAINEY was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of the defendants' conduct, Plaintiff has suffered pain and mental anguish, together with fear, apprehension, embarrassment, and humiliation.

64. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The defendants made offensive contact with Plaintiff KWAME GAINEY by forcibly touching him, tackling him, handcuffing him, physically detaining him, and searching him without legal privilege or consent.

67. As a result of the defendants' conduct, Plaintiff KWAME GAINEY has suffered pain and mental anguish, together with fright, apprehension, embarrassment, and humiliation.

68. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The defendants arrested Plaintiff KWAME GAINEY without probable cause or legal privilege.

71. The defendants detained Plaintiff against his will for an extended period of time and subjected him to physical restraints.

72. As a result of the defendants' conduct, Plaintiff was unlawfully imprisoned in

violation of the laws of the State of New York.

73. As a result of the defendants' conduct, Plaintiff has suffered physical and mental injuries, along with fear, apprehension, embarrassment, humiliation, and loss of freedom.

74. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77. As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

78. As a result of the defendants' conduct, Plaintiff KWAME GAINEY has suffered mental anguish, together with fear, apprehension, embarrassment, humiliation, and an extended period of unlawful imprisonment and deprivation of his liberty.

79. As a result, Plaintiff KWAME GAINEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and

disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KWAME GAINEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 7, 2015

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
26 Broadway, Suite 2100
New York, New York 10004
Tel: (212) 323-7410
Fax: (212) 323-7411

By: _____
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiff KWAME GAINEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KWAME GAINEY,

                Plaintiff,

    -against-

CITY OF NEW YORK, CHRISTOPHER MCNEELY, Individually, and JOHN DOE 1 through 5, Individually, (the names John Doe being fictitious, as the true names are presently unknown),

                Defendants.

Docket No.

# COMPLAINT

THE TRAINOR LAW FIRM, P.C.
Attorney for Plaintiff
26 Broadway, Suite 2100
New York, New York 10004